ALD-023                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2414
_____

ANTHONY V. CAIBY,
                                        Appellant

v.

TAMMY FERGUSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00423)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2019
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: December 24, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Anthony Caiby, proceeding pro se and in forma pauperis ("IFP"), appeals from the District Court's order dismissing his civil action filed under 42 U.S.C. § 1983 as factually frivolous and for failure to state a claim. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

Caiby, a Pennsylvania prisoner, sought to file an IFP complaint against Department of Corrections ("DOC") Superintendent Tammy Ferguson and unidentified DOC employee-defendants for alleged civil rights violations. The District Court permitted Caiby to proceed IFP but dismissed his complaint with leave to amend. In his amended complaint, Caiby alleged that he was the victim of a clandestine program to inflict mental and physical torture called the "Mind Initiative," implemented by unconstitutional DOC policies and customs. See Am. Comp., ECF No. 16 at 12 (¶ 6) and 14 (¶ 15). Caiby described being "slashed continuously," id. at 4 (§ IV(B)), "cut to the 'burn censors' third cuticle down," id., "lasered down to the cellular wall," id. at 12 (¶ 4), and implanted with "renal/neural impulse control," id. at 15 (¶ 24). Caiby claimed that DOC officials abducted him and otherwise retaliated against him for divulging the details of the alleged program. See id. at 15 (¶ 22) and 24 (¶ 83). Additionally, Caiby asserted that he was assaulted numerous times by multiple cellmates. Id. at 13 (¶ 10).

The District Court screened Caiby's amended complaint and dismissed it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In particular, the Court found that many of Caiby's claims were factually frivolous because they were not based in reality. The District Court further ruled that Caiby otherwise failed to state a § 1983

2

claim because he did not adequately allege that the defendants were personally involved in the purported wrongdoing. Caiby timely appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Caiby's amended complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We construe his pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the District Court's order if the appeal does not present a substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

We agree with the District Court that most of Caiby's claims appear to be "irrational" or "wholly incredible" statements, and thus are frivolous within the meaning of § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" Id. at 32-33 (quoting Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). For example, Caiby's complaint includes numerous references to concepts like telepathic commands and mind control.

To the extent Caiby's allegations about having been cut by his cellmates can be understood to assert a claim that the defendants failed to protect him from being assaulted by other inmates, he failed to state a claim. See Bistrian v. Levi, 696 F.3d 352, 367 (3d

---

[1] Caiby has filed a motion for appointment of counsel, as well as documents in which he complains that he has been retaliated against for litigating the claims underlying this case.

3

Cir. 2012) (holding that a plaintiff must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm"; (2) prison officials acted with "deliberate indifference" to his safety; and (3) the prison officials' "deliberate indifference caused him harm").

We likewise agree with the District Court that Caiby failed to state that the defendants were personally responsible for the alleged constitutional violations against him, which is required to maintain a successful civil rights action under § 1983.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988).  For instance, Caiby did not specify what Superintendent Ferguson did or did not do to give rise to a claim against her; he named her as a defendant because "she has the power as the head administrative [sic] to grant discovery."  Am. Comp., ECF No. 16 at 14 (¶ 15).  While Caiby's complaint referenced a DOC policy that "promulgated and enforced" the alleged civil rights violations against him, he failed to actually identify the policy or connect it to Ferguson's actions.  Id. at 6 (§ VII(C)).  Nor did Caiby make any more specific allegations regarding any Jane or John Doe defendants.

Finally, given that Caiby was granted leave to amend his initial complaint, and that he failed to correct any of the complaint's deficiencies in his amended complaint, the District Court did not err when it declined to grant Caiby further leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

4

As this appeal presents no substantial question, we will affirm the District Court's order of dismissal.  See 3d LAR 27.4 and I.O.P. 10.6.  Caiby's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  Also, to the extent that he presents any requests for relief in the other documents he filed, those requests are denied.